UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL JONES,

        Petitioner,

-v-

MICHAEL GIAMBRUNO,

        Respondent.

---

DECISION AND ORDER
05-CV-0008S

On January 5, 2005, petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 alleging that he was in state custody as a result of the unconstitutional denial of parole by the New York State Parole Board. On January 24, 2005, the Court (Hon. William M. Skretny) issued an Order notifying petitioner that it intended to recharacterize the § 2241 to one filed under 28 U.S.C. § 2254, see Cook v. New York State Div. of Parole, 321 F.3d 274, 275-78, (2d Cir. 2003), and providing him the opportunity to withdraw the § 2241 petition rather than having it recharacterized as a § 2254 petition. Petitioner was also advised that if he did not notify the Court of his intention to withdraw the petition by February 19, 2005, the petition would be recharacterized to one file under § 2254. Petitioner has not notified the Court of his intention to withdraw the § 2241 petition and, accordingly, the instant petition is recharacterized to one filed under 28 U.S.C. § 2254 and the Clerk of Court is directed to amend the docket sheet to reflect this recharacterization.

        IT HEREBY IS ORDERED as follows:

1.     The instant petition is recharacterized to one filed under 28 U.S.C. § 2254 and the Clerk of the Court is directed to amend the docket sheet to reflect said recharacterization.

2.     Pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent shall file an **answer** to the petition with the Clerk of Court (and also serve a copy upon petitioner) no later than **June 28, 2005**. The answer shall respond to the allegations of the petition and shall state, as to every ground raised by petitioner, whether petitioner has exhausted state remedies, including any available post-conviction remedies. **If any ground is alleged not to have been exhausted, respondent shall identify such ground and expressly state whether it waives petitioner's requirement to exhaust.** Further, the answer shall state whether a parole hearing or other evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file by the above date a **memorandum of law** with the Clerk of Court (and also serve a copy upon petitioner) addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the New York State Division of Parole or any other official having custody of the records of the proceedings at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative.

2

If petitioner appealed or challenged the parole denial, either administratively or in court, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs on appeal and the opinions of the administrative board or courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3. The Clerk of Court shall serve a copy of the petition, together with a copy of this order, by certified mail, upon respondent Superintendent of Wyoming Correctional Facility and upon the Assistant Attorney General in Charge, Statler Towers, 4th Floor, 107 Delaware Avenue, Buffalo, New York 14202.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

SO ORDERED.

Dated:   May 16, 2005
         Rochester, New York

_Charles J. Siragusa_
CHARLES J. SIRAGUSA
United States District Judge