**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**DANIEL JONES,**

                                        **Petitioner,**               **05-CV-0008(Sr)**

**v.**

**MICHAEL E. GIAMBRUNO,**

                                        **Respondent.**

_____

**DECISION AND ORDER**

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the

undersigned conduct any and all further proceedings in this case, including entry of final

judgment.  Dkt. #21.


        Petitioner Daniel Jones commenced this action on or about January 5,

2005, pursuant to 28 U.S.C. § 2241 (subsequently re-characterized as filed pursuant to

28 U.S.C. § 2254) maintaining that he remained in the custody of the New York State

Department of Correctional Services because of the unconstitutional denials of parole

by the New York State Parole Board.  Dkt. ##1 and 20.  Currently before this Court is

respondent's motion (Dkt. #27) for summary judgment seeking dismissal of the

amended petition (Dkt. #20) and petitioner's motion for appointment of counsel (Dkt.

#40).  For the following reasons, respondent's motion for summary judgment is granted

and petitioner's motion for appointment of counsel is denied as moot.

## PROCEDURAL BACKGROUND

Petitioner Daniel Jones (hereinafter "Jones"), proceeding *pro se*, commenced this action on or about January 5, 2005, pursuant to 28 U.S.C. § 2241. Dkt. #1. In his petition, Jones argued that he remained in the custody of the New York State Department of Correctional Services ("DOCS") by reason of the unconstitutional denials of parole by the New York State Parole Board on or about January 16, 2002 and January 15, 2004. *Id*. By Decision and Order filed May 18, 2005, United States District Judge William M. Skretny ordered that the petition originally filed pursuant to 28 U.S.C. § 2241 be re-characterized as having been filed pursuant to 28 U.S.C. § 2254.[1] Dkt. #4.

On March 18, 2005, plaintiff Daniel Jones (hereinafter "Jones") filed a complaint pursuant to 42 U.S.C. § 1983 (Western District of New York Case No. 05-CV-183) against defendants Glenn S. Goord, Michael Giambruno and an unspecified number of "John Does" (the "Time Allowance Committee"), challenging the denial of his "good time" allowance or credit based on his refusal/failure to participate in a sex offender program. (Case No. 05-CV-183, Dkt. #1). Specifically, Jones alleged that participation in the sex offender treatment program would have required him to

---

[1] On January 24, 2005, District Judge Skretny advised petitioner of the Court's intention to re-characterize the petition filed pursuant to 28 U.S.C. § 2241 as one filed pursuant to 28 U.S.C. § 2254. Dkt. #3. In the Order, District Judge Skretny provided Petitioner with the opportunity to withdraw his petition filed pursuant to 28 U.S.C. § 2241. *Id*. Petitioner was further advised that his failure to advise the Court of his intention to withdraw the petition by February 19, 2005 would result in the re-characterization of the petition. *Id*.

acknowledge guilt for a crime which, at the time, he was seeking to have overturned on appeal. *Id*. By Decision and Order filed August 2, 2005 in Case Nos. 05-CV-0008 and 05-CV-183, District Judge Skretny found that the relief sought in the complaint filed in 05-CV-183 could be sought only in a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 because it raised the question of the duration of Jones' confinement. Dkt. #8 (in both cases). Consequently, District Judge Skretny ordered that the complaint in 05-CV-183 be construed as a motion to amend the petition for habeas corpus relief filed in 05-CV-0008 and District Judge Skretny provided Jones with the opportunity to address the Court's intention to treat the complaint filed in 05-CV-183 as a motion to amend or supplement the petition filed in 05-CV-0008. *Id*. Specifically, District Judge Skretny's Order provided Jones until August 23, 2005 to file a response. *Id*. On August 25, 2008, Jones filed, in both actions, a motion for reconsideration of the Court's Order treating the complaint filed in 05-CV-183 as a motion to amend the habeas corpus petition filed in 05-CV-0008 (05-CV-0008, Dkt. #14 and 05-CV-183, Dkt. #10). Also on August 25, 2008, Jones filed an amended complaint filed in 05-CV-183 (Dkt. #12).

On October 14, 2005, counsel for respondent in 05-CV-0008 filed a motion for an Order: (1) striking the amended complaint filed in 05-CV-183; (2) denying the motion to amend the petition filed in 05-CV-0008 (the complaint filed in 05-CV-183); and (3) enlarging the time within which to respond to the petition. Dkt. #10. Thereafter, Jones filed an affidavit in opposition to respondent's October 14, 2005 motion. Dkt. #12.

On January 23, 2006, District Judge Skretny, by Decision and Order filed in both cases, ordered that counsel for respondent in 05-CV-0008 and counsel for defendants in 05-CV-183 file a response to Jones' motion for reconsideration on or before February 13, 2006 and in such response to specifically address whether the Court properly construed the complaint in 05-CV-183 and whether the Court should have re-characterized the complaint as a motion to amend the habeas corpus petition in 05-CV-0008.  (05-CV-0008, Dkt. #13; 05-CV-183, Dkt. #14.)  As required and consistent with District Judge Skretny's January 23, 2006 Decision and Order, counsel for respondent and defendants filed memoranda on February 6, 2006 (Dkt. #15 in both cases).  Thereafter, Jones filed memoranda on February 21, 2006 (Dkt. #16 in both cases).

By Decision and Order filed on March 31, 2006, District Judge Skretny: (1) denied Jones' motion for reconsideration (05-CV-0008, Dkt. #14 and 05-CV-183, Dkt. #10); (2) ordered that the amended complaint initially filed in 05-CV-183 (Dkt. #12) shall be deemed and docketed as a motion to amend the habeas corpus petition in 05-CV-0008; (3) ordered that the motion to amend the habeas corpus petition docketed in 05-CV-0008 (see above) be granted; (4) ordered that Jones file an amended petition in 05-CV-0008 by May 15, 2006; (5) ordered that respondent's motion to strike the complaint filed in 05-CV-183 be denied and ordered that Jones' "putative" motion to amend the petition in 05-CV-0008 be denied; (6) ordered that respondent's motion to enlarge the time in which to respond to the petition filed in 05-CV-0008 be granted and (7) ordered that respondent shall have 45 days from the filing of Jones' amended petition to file an

answer and a memorandum of law in response to the amended petition.[2]  Consistent

with District Judge Skretny's March 31, 2006 Decision and Order, an amended petition

was filed on May 11, 2006.  Dkt. #20.  Thereafter, respondent filed the instant motion to

dismiss the petition.  Dkt. #27.


## FACTUAL BACKGROUND

Jones is presently serving an aggregate sentence of 10 to 20 years after

having been convicted in 1992 of:  (1) Attempted Rape in the First Degree, Burglary in

the Second Degree, Sexual Abuse in the First Degree, and Endangering the Welfare of

a Child in connection with breaking into a home and attempting to engage in sexual

intercourse with an eight-year-old girl on January 8, 1992; and (2) Burglary in the

Second Degree, Sexual Abuse in the First Degree and Endangering the Welfare of a

Child in connection with unlawfully entering another home and subjecting a six-year-old

girl to illegal sexual contact on February 27, 1991.  Dkt. #28, ¶ 1; Dkt. #30, p.1.  Jones'

convictions were unanimously upheld on direct appeal.  *People v. Jones*, 654 N.Y.S.2d

---

[2] District Judge Skretny's Decision and Order further provided that respondent's
memorandum of law shall include a discussion of what impact, if any, the injunction
entered by District Judge Hurd in the Northern District of New York in *Donhauser v.
Goord* will have on this case.  *Donhauser v. Goord*, 317 F.Supp.2d 160 (N.D.N.Y.
2004).  In *Donhauser*, District Judge Hurd granted a preliminary injunction to an inmate
and enjoined "defendants and persons acting under their direction and/or control ...
from depriving a prisoner of good time credits because of the prisoner's refusal to
divulge a history of sexual conduct, including illegal acts for which no criminal charges
have been filed, in order to be eligible for the Sexual Offender Counseling Program."
*Donhauser*, 317 F.Supp.2d at 161.  As will be discussed in greater detail below, the
Second Circuit vacated Judge Hurd's order and remanded the case for further
proceedings.  *Donhauser v. Goord*, 181 Fed.Appx.11 (2d Cir. 2006).  Accordingly, it is
respondent's position that *Donhauser v. Goord* has no bearing on the instant
proceedings.

495 (App. Div.), *lv. den.*, 661 N.Y.S.2d 186(1997). At all times relevant to the

allegations in the amended petition, Jones was in the custody of the New York State

Department of Correctional Services ("DOCS") and was housed at the Wyoming

Correctional Facility ("Wyoming"). Dkt. #5. United States District Judge William M.

Skretny previously dismissed Jones' federal habeas challenge to his conviction and

denied Jones a certificate of appealability and by mandate dated January 6, 2006, the

United States Court of Appeals for the Second Circuit denied leave to appeal. Dkt. #28,

¶ 2; *see also*, Jones v. Giambruno, 01-CV-0440 (Skretny, J., W.D.N.Y.). Jones'

application for state post-conviction review pursuant to New York Criminal Procedure

Law § 440.30 was similarly denied. *People v. Jones*, 761 N.Y.S.2d 928 (App. Div.), *lv.

den.*, 775 N.Y.S.2d 791 (2003).


       In his Amended Petition, Jones challenges the determinations rendered

by the Parole Board in 2002, 2004 and 2006. Dkt. #20. In addition, Jones challenges

the alleged withholding of good time credits by the Wyoming Time Allowance

Committee. *Id*.


**2002 Parole Hearing**

       Jones first became eligible for parole in 2002 and the New York State

Division of Parole declined to release Jones, stating,

> Parole is denied. You are presently serving terms for
> attempted rape 1st, 2 counts burglary and 2 counts sexual
> abuse. They relate to you illegally entering homes on 2
> separate occasions and sexually molesting 2 little girls. We

note a prior conviction for sex abuse 1st. You have a
positive institutional program and discipline record, however,
you have not been able to adequately benefit from a sex
offender treatment program. These factors demonstrate
that you present a serious threat to community safety and
welfare and belie discretionary release to community
supervision.

Dkt. #1 Exhibits, p.12. The Division of Parole further ordered that Jones be held for 24

months. *Id*. Division of Parole regulations provide a prisoner eligible for parole four

months to appeal a parole determination by filing an appeal with the Division's Appeals

Unit. Dkt. #28, ¶ 4, *citing* 9 N.Y.C.R.R. § 8006.2(a) and (b). Jones filed an

administrative appeal on January 24, 2002, but did not file his administrative briefs until

May 2, 2002, just two weeks prior to the four-month deadline. Dkt. #28, ¶ 5, *citing* Dkt.

#20, ¶ 2. The Division's Appeals Unit then had four months to issue a determination.

Dkt. #28, ¶ 6. Because the Appeals Unit failed to issue a determination, Jones'

administrative remedies were deemed to have been exhausted pursuant to 9

N.Y.C.R.R. § 8006.4(c). *Id*. at ¶ 7.


Jones filed an Article 78 proceeding pursuant to New York's Civil Practice

Law & Rules challenging the Parole Board's denial of parole. Dkt. #28, ¶ 8. Jones

alleges in his amended petition that "[o]n January 2003, Erie County Supreme Court

Judge (Tills, J.) denied the Article 78 petition." Dkt. #20, ¶ 3. Jones filed a Notice of

Appeal and re-submitted his application to proceed on appeal as a poor person; Jones'

application to proceed as a poor person was granted on May 2, 2003. *Id*. at ¶ 4. A

dispute concerning the record on appeal ensued, causing a further three month delay.

Dkt. #28, ¶ 11. In addition, Jones' failure to timely file his appellate brief in connection

with his appeal resulted in his appeal being dismissed. *Id*. at ¶ 12. Jones succeeded in

vacating the dismissal and filed his appellate brief on December 23, 2003. *Id*. at ¶ 13.

Thereafter, the Appellate Division, Fourth Department dismissed Jones' appeal holding,

> This appeal must be dismissed as moot because the
> determination expired during the pendency of this appeal,
> and the Parole Board denied petitioner's subsequent
> request for parole release ... In any event, [sic] Supreme
> Court properly dismissed the petition. Contrary to the
> contention of petitioner, the Parole Board properly
> considered his failure to participate in a sex offender
> treatment program and the seriousness of the offenses in
> making its determination.

*Jones v. NYS Div. of Parole*, 8 A.D.3d 1098, 1099 (4ᵗʰ Dept. 2004) (internal citations

omitted). The New York Court of Appeals denied Jones' leave to appeal. *Jones v.*

*NYS Div. of Parole*, 3 N.Y.3d 609 (2004).


## 2004 Parole Hearing

On January 15, 2004, the New York State Division of Parole again

declined to release Jones, stating

> Parole is once again denied. Your interview and record
> have been duly considered and accordingly we decline to
> grant you a release at this time. The instant offenses
> demonstrate that you are a dangerous sexual predator. You
> were involved in two sets of criminal transactions wherein
> two different little girls were victimized and sexually
> assaulted. Your record includes similar conduct, again
> involving sexual contact to [sic] a young female. In light of
> the foregoing this panel concludes that if released you would
> pose a clear and present danger to community safety.
> Accordingly, we decline to assume that risk.

Dkt. #1 Exhibits, p.38. The New York State Appellate Division, Third Department, affirmed the 2004 denial of parole holding that,

> Our review of the record reveals that the Board complied with the requirements of Executive Law § 259-I, thus its determination is not subject to further judicial review. While the Board's decision emphasizes the seriousness of the crimes and petitioner's criminal history, the hearing transcript demonstrates that the Board also considered petitioner's institutional record, educational accomplishments and release plans. Contrary to petitioner's contention, the record does not indicate that the Board used his refusal-on the basis that it would require him to admit his guilt-to participate in a sex offender counseling program against him in reaching its determination. In any event, the Board may consider a petitioner's continued lack of remorse when making a parole determination, even where the petitioner has maintained his or her innocence following conviction.
>
> Nor does the record support petitioner's contention that the Board's decision was affected by "irrationality bordering on impropriety" because certain documents in the record erroneously reflect that petitioner was convicted of attempted rape in the first degree pursuant to subdivision (1) rather than subdivision (3) of Penal Law § 130.35. Other documents upon which the Board relied contain the correct information and petitioner was able to address and resolve any misconception at the hearing.
>
> Finally, in light of petitioner's criminal history of committing sex crimes against children and the fact that his present convictions are violent felony offenses, we conclude that each of the challenged special conditions imposed by the Board in the event that petitioner is granted conditional release is rationally related to preventing his commission of further offenses.

*Jones v. New York State Div. of Parole*, 24 A.D.3d 827, 828-29 (3d Dept. 2005).

Thereafter, the New York Court of Appeals dismissed as moot Jones' motion for leave to appeal because the Division of Parole again denied Jones parole on January 18, 2006. Dkt. #28, ¶ 18.

**2005 Time Allowance Committee**

On March 25, 2005, Jones appeared before the Time Allowance Committee at Wyoming. Dkt. #20, ¶ 19. In his Amended Petition, Jones alleges that "the Chairperson informed petitioner that as he had refused to participate in the SOTP they were recommending lost [sic] of all his good time credits." *Id*. Thereafter, Jones alleges that the decision of the Time Allowance Committee was "confirmed" by the Superintendent on March 25, 2005 and "affirmed" by the Commissioner of the Department of Corrections on April 5, 2005. *Id*. Jones commenced an Article 78 proceeding in Supreme Court, Albany County challenging the denial of good time credits. Dkt. #30, p.6. The Supreme Court, Albany County dismissed the Article 78 petition and further denied Jones' motion to re-argue. *Id*. Jones filed a Notice of Appeal with the New York State Appellate Division, Third Department. *Id*. The Appellate Division, Third Department affirmed the dismissal of the petition and dismissed the appeal. *Jones v. Goord*, 824 N.Y.S.2d 575 (3d Dept. 2006). The New York Court of Appeals denied Jones leave to appeal; the United States Supreme Court denied certiorari. *Jones v. Goord*, 8 N.Y.2d 808, *cert. denied*, 128 S.Ct. 488 (2007). On or about April 4, 2007, Jones submitted a letter to the Court claiming that he had exhausted his state court remedies with respect to his claim concerning his good time credits. Dkt. #37, ¶ 3. Respondent concedes that Jones exhausted his claim concerning his good time credits. Dkt. #37, ¶ 6.

On January 8, 2009, Jones filed an affidavit in further opposition to respondent's motion for summary judgment. Dkt. #41. In his affidavit, Jones states that after exhausting his state remedies, he filed a petition for writ of certiorari with the United States Supreme Court on June 25, 2007. *Id*. at ¶ 5. In his petition, Jones asked the Supreme Court to "review whether the denial of his god [sic] time by Corrections, for his failure to complete a se [sic] offender Treatment Program violated his right against self-incrimination under the Fifth Amendment, and his right under the First, Sixth, Fourteenth and Ex Post Facto Clause (Article I § 9, cl.3) of the United States Constitution." *Id*. Jones further claims,

> Respondent initially waived the right to file a response to the petition. The U.S. Court nevertheless directed that a response be filed. After being granted an extension filed timely briefs by October 1, 2007. Contained within Respondent's brief they articulated that there was not an adequate evidentiary or decisional record for the Court to provide a resolution of the Fifth Amendment issue. That because the claim was pending in a federal habeas proceeding, any facts and issues relating will be addressed there. Thus, there was no need of concern that any arguably substantial Fifth Amendment issue will go unresolved. Respondent failed to mention that they had filed for summary dismissal as the petition failed to state a claim.

.
Dkt. #41, ¶¶ 6-7. The United States Supreme Court denied Jones' petition for writ of certiorari on October 29, 2007. *Id*. at ¶ 8; *see Jones v. Goord*, 128 S.Ct. 488 (2007).

**2006 Parole Hearing**

On January 18, 2006, the New York State Division of Parole again denied Jones parole holding,

> Parole denied. On two occasions you illegally entered
> private residences and encountered young females. On one
> occasion, while wearing a stocking on your head, you put
> your hand over the eight-year-old female's mouth, removed
> some of her clothing and then inserted your penis into her
> vagina. You then wiped between her legs with a towel and
> left. Approximately, six weeks later you touched a six-year-
> old female in the vaginal area while she was in her bedroom.
>
> Your criminal history reflects a felony term of probation for
> the conviction of sexual abuse first degree. That matter
> involved you sexually abusing your thirteen year old
> stepdaughter.
>
> While incarcerated you have refused sex offender
> programing. There has been a recommended loss of all
> your good time credit.
>
> Your behavior is predatory and directed at extremely
> defenseless victims. You are a significant threat to the
> public an [sic] inappropriate for Parole at this time.

Dkt. #29, p.24. Jones administratively appealed the January 18, 2006 denial of parole

on or about March 7, 2006. Dkt. #30, p.4; Dkt. #33, p.4.


**2008 Parole Hearing**

        In a letter dated January 24, 2008, Jones advised this Court that he

appeared before the Parole Board on January 16, 2008 and was again denied parole.

Dkt. #39. In his letter, Jones requested this Court "to likewise consider the facts

surrounding the denial of the 2008 parole hearing as I faced the same procedures and

standards at that hearing." *Id*. Jones subsequently advised this Court that he had

administratively appealed the January 2008 denial of parole and that that matter was

pending as of January 8, 2009. Dkt. #41, ¶ 9.

## DISCUSSION AND ANALYSIS

### Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff."  *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of

conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party

seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and
> invoke the appropriate statute. The [party] must also show,
> by affidavits or as otherwise provided in Rule 56 of the
> Federal Rules of Civil Procedure, that there are specific
> factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).


## First Amendment, Fifth Amendment and Due Process Claims

In his Amended Petition, Jones alleges that the state procedures available

to him to challenge the Parole Board's and the Time Allowance Committee's

determinations are ineffective and futile and deny him meaningful access to due

process and the courts. Jones further maintains that his rights under the First and Fifth

Amendments to the United States Constitution were violated "when the Parole

Commissioners [and the Time Allowance Committee] penalized him for exercising his

privilege against self-incrimination." Dkt. #20, pp.7-14 and pp.24-30. In addition, Jones

alleges that his due process rights were violated "when the Parole Board relied on

inaccurate information in denial of parole release." *Id*. at pp.14-17. Finally, Jones

asserts that because the Parole Board's determinations were arbitrary, capricious,

irrational and an abuse of their discretion, his due process rights were violated. *Id*. at

pp.17-24. Each of the legal theories presented in Jones' amended petition are

premised on the erroneous proposition that a prisoner has a protected constitutional

interest in early release.

It is well-settled that a prisoner does not have a constitutional or inherent right to be released before the expiration of a valid sentence. *Barna v. Travis*, 239 F.3d 169, 170-71 (2d Cir. 2001); *Klos v. Haskell*, 48 F.3d 81, 86 (2d Cir. 1995); *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). "Good behavior allowances are in the nature of a privilege to be earned by the inmate and no inmate has the right to demand or to require that any good behavior allowance be granted to him." 7 N.Y.C.R.R. § 260.2. A prisoner may have an interest in parole that is protected by the Due Process Clause, if he has a legitimate expectancy of release that is grounded in the state's statutory scheme. *Barna v. Travis,* 239 F.3d 169, 171 (2d Cir. 2001); *see also, Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11-13 (1979); *Berard v. State of Vt. Parole Bd.*, 730 F.2d 71, 75 (2d Cir.1984); *Boothe v. Hammock*, 605 F.2d 661, 663 (2d Cir.1979). "Neither the mere possibility of release, nor a statistical probability of release gives rise to a legitimate expectancy of release on parole." *Barna*, 239 F.3d at 171.

The New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release. The statute provides,

> [d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.

N.Y. Exec. Law § 259-i(2)(c)(A).  Thus, "[i]t is apparent that New York's parole

provisions ... do not establish a scheme whereby parole shall be ordered unless

specified conditions are found to exist.... [N]o entitlement to release is created [by the

parole provisions]."  *Boothe v. Hammock*, 605 F.2d at 664.  Accordingly, because Jones

does not have a protected liberty interest in early release/parole, Jones' claims of

violations of his First Amendment and Fifth Amendment rights must fail as a matter of

law.


### *Donhauser v. Goord*

As directed by District Judge Skretny in his March 31, 2006 Decision and

Order, in his memorandum of law filed in support of respondent's motion for summary

judgment, counsel for the respondent addressed what impact, if any, the injunction

entered by District Judge Hurd in *Donhauser v. Goord* has on the instant case.

Notably, respondent contends that the injunction entered by Judge Hurd has no impact

on the instant case.  Notwithstanding the subsequent procedural history wherein the

Second Circuit Court of Appeals vacated Judge Hurd's Order and remanded the matter

to Judge Hurd for further proceedings, Jones endeavors to rely on *Donhauser* and

urges this Court to follow the legal reasoning in *Donhauser* concerning a Fifth

Amendment violation.  Dkt. #33, p.9.   As reflected in the foregoing discussion

concerning Jones' claims of violations of his First and Fifth Amendment rights in

connection with the denials of parole and good time credits, such claims fail as a matter

of law.  Accordingly, this Court need not and declines to further consider Jones'

arguments concerning any alleged First and Fifth Amendment violations.


### *Ex Post Facto* Argument

Jones claims that the Parole Board violated the *"ex post facto* law" by

reason of its continuous denial of parole.  Specifically, Jones alleges,

> [b]ased on the new policy instituted by the Parole Board in
> granting parole release, by placing more emphasis on public
> safety fundamentally altered the Board's process for
> reviewing parole applications, when applied retroactively.
> Petitioner was entitled to have the Board decide his
> application based on factors in use by the Board at the time
> of his conviction and commutation.  The negative impact
> requirement for finding an ex post facto violation was
> satisfied since the likilihood [sic] of parole release existed at
> the time of petitioner's conviction which has now been
> reduced.

Dkt. #20, ¶ 83.  Notably, except for the speculative, conclusory allegation in Jones'

amended petition (cited above), Jones offers no evidence to support this claim.  In

support of his motion for summary judgment, respondent explains that the Second

Circuit has previously found that New York State's Sex Offender Registration Act

("SORA"), also known as Megan's Law, which placed severe limitations on an

offender's freedoms and rights even if the offender committed his crimes before the

enactment of the statute, did not violate the *ex post facto* clause.  *See Doe v. Pataki*,

120 F.3d 1263 (2d Cir. 1997).  In reliance on the finding that New York's SORA did not

violate the *ex post facto* clause, respondent argues that "[g]iven the severity of the

requirements which may constitutionally be retroactively imposed upon sex offenders

under SORA, plaintiff [Jones] cannot argue that an alleged new stinginess in the awarding of parole release somehow violates his right to be protected from *ex post facto* laws."  Dkt. #30, p.17.

As discussed above, a prisoner does not have a constitutionally protected right to be granted early release.  Moreover, although a prisoner may have an interest in parole that is protected by the Due Process Clause if he has a legitimate expectancy of release that is grounded in the state's statutory scheme, such is not the case here.  *Barna v. Travis,* 239 F.3d 169, 171 (2d Cir. 2001); *see also, Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11-13 (1979); *Berard v. State of Vt. Parole Bd.*, 730 F.2d 71, 75 (2d Cir.1984); *Boothe v. Hammock*, 605 F.2d 661, 663 (2d Cir.1979).  New York's statutory scheme does not create an entitlement to release.  *See Boothe,* 605 F.2d at 664.  Accordingly, this Court finds that Jones' claim that the Parole Board, in continually denying him parole, violated the *ex post facto* clause is without merit and must fail as a matter of law.

**Inaccurate Information in File**

Jones next claims that his file contained inaccurate information upon which the Parole Board relied in making its determinations, thereby violating his due process rights.  Dkt. #20, ¶¶ 48-60.  Specifically, Jones complains that his "criminal rap sheet, sentence and commitment paper, and other documents were inaccurate" and "showed that he had been convicted of the wrong charges after a jury trial."  *Id*. at ¶ 49.

According to Jones, the inaccurate papers to which he is referring state that he was convicted of "forcible compulsion."  Jones' assertion that reliance on such "inaccurate information" by the Parole Board and the Time Allowance Committee violated his due process rights is premised on his claim that he was denied parole only because he had been convicted of using force to molest young children.  In other words, Jones claims that had the Parole Board understood that Jones had not used force, it would have released him.  With the exception of Jones' allegations in the amended petition, the record before this Court is devoid of any evidence to support Jones' claim that the Parole Board "was laboring under a misapprehension regarding petitioner's criminal acts."  Dkt. #30, p.18.

As discussed above, at the conclusion of each Parole Board hearing, the Parole Board issued a written determination setting forth the basis for its denial of parole.  Notably, the 2002, 2004 and 2006 written Parole Board determinations do not in any way suggest that the Parole Board believed that Jones had been convicted of forcible compulsion.  To the contrary, each written Parole Board determination correctly summarizes Jones' convictions as follows: 2002 - "[y]ou are presently serving terms for attempted rape 1st, 2 counts burglary and 2 counts sexual abuse.  They relate to you illegally entering homes on 2 separate occasions and sexually molesting little girls.";  2004 - "[t]he instant offenses demonstrate that you are a dangerous sexual predator.  You were involved in two sets of criminal transactions wherein two different little girls were victimized and sexually assaulted.";  2006 - "[o]n two occasions you illegally entered private residences and encountered young females.  On one occasion, while

wearing a stocking on your head, you put your hand over the eight-year-old female's mouth, removed some of her clothing and then inserted your penis into her vagina. You then wiped between her legs with a towel and left. Approximately, six weeks later you touched a six-year-old female in the vaginal area while she was in her bedroom." See Dkt. #1 Exhibits, pp. 12 and 38; Dkt. #28, p.24. Moreover, in connection with Jones' appeal of the dismissal of his Article 78 proceeding commenced following the 2004 denial of parole, the Appellate Division, Third Department stated, in part,

> Nor does the record support petitioner's contention that the Board's decision was affected by "irrationality bordering on impropriety" because certain documents in the record erroneously reflect that petitioner was convicted of attempted rape in the first degree pursuant to subdivision (1) rather than subdivision (3) of Penal Law § 130.35. Other documents upon which the Board relied contain the correct information and petitioner was able to address and resolve any misconception at the hearing.

*Jones v. New York State Div. of Parole*, 24 A.D.3d 827, 828-29 (3d Dept. 2005).

Accordingly, Jones' claim that his due process rights were violated because the Parole Board relied on inaccurate information is belied by the undisputed evidence from each Parole Board hearing. Even if, however, there had been evidence of inaccurate information, it is not the province of this Court to correct errors of fact. "Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Thus, for the foregoing reasons, Jones' claim that his due process rights were violated because of inaccurate information in his file must fail as a matter of law.

<u>**2002, 2004 and 2006 Denials of Parole**</u>

Respondent argues that by reason of the 2006 denial of parole, Jones' claims concerning the 2002 and 2004 denials of parole must fail as a matter of law because they are moot. Dkt. #30, p.7. Conversely, Jones asserts that "[a]ccording to the mootness doctrine, one may challenge an alleged error by the Parole Board, notwithstanding having already received a new hearing, if the error is 'capable of repetition, yet evading review.'" Dkt. #33, p.13 (internal citation omitted). For the following reasons, this Court agrees with respondent that Jones' claims concerning the 2002 and 2004 denials of parole are indeed moot and accordingly, fail as a matter of law.

A prisoner who successfully challenges a denial of parole is entitled to a rehearing, not release. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). New York law is well settled, "any challenge to a parole board hearing must be dismissed if petitioner is reconsidered for parole." *Graziano v. Lape*, No. 9:04-CV-84, 2008 WL 2704361, at * 4 (N.D.N.Y. July 2, 2008), *citing Boddie v. New York State Division of Parole*, 285 F.Supp.2d 421, 427 (S.D.N.Y. 2003); *see also*, *Robles v. Dennison*, No. 05-CV-0428, 2007 WL 2187303, at *1 (W.D.N.Y. July 30, 2007); Aviles v. Travis, 282 A.D.2d 787, 722 N.Y.S.2d 426 (3d Dept. 2001); *Jhang v. Travis*, 285 A.D.2d 874, 727 N.Y.S.2d 361 (3d Dept. 2001).

Jones first appeared before the Parole Board in January 2002 and was denied parole at that time. Dkt. #1, p.12. The Division of Parole further ordered that Jones be held for 24 months. *Id*. Jones administratively appealed the Parole Board's determination and commenced an Article 78 proceeding which he pursued to the New York Court Appeals. In October 2004, the New York Court of Appeals denied Jones' leave to appeal. *Jones v. NYS Div. of Parole*, 3 N.Y.3d 609 (2004). If, however, Jones had successfully challenged the 2002 denial of parole, he would have been entitled to a rehearing, which rehearing he received at his next appearance before the Parole Board in January 2004.

Jones was again denied parole in January 2004. Dkt. #1, p.38. The Appellate Division, Third Department affirmed the 2004 denial of parole. *Jones v. New York State Div. of Parole*, 24 A.D.3d 827, 828-29 (3d Dept. 2005). Thereafter, the New York Court of Appeals dismissed as moot Jones' motion for leave to appeal because the Division of Parole again denied Jones parole on January 18, 2006. Dkt. #28, ¶ 18. Following the same reasoning discussed above, if Jones had successfully challenged the 2004 denial of parole, he would have been entitled to a rehearing, which rehearing he received in January 2006. In a letter dated January 24, 2008, Jones advised this Court that he appeared before the Parole Board on January 16, 2008 and was again denied parole. Dkt. #39. In his letter, Jones requested this Court "to likewise consider the facts surrounding the denial of the 2008 parole hearing as I faced the same procedures and standards at that hearing." *Id*. Again, had Jones been successful in his challenge to the 2006 denial of parole, his relief would have been a rehearing, which

rehearing he received in January 2008.  Therefore, Jones has already received the

same relief he would have received had his challenges to the 2002, 2004 and 2006

denials of parole been successful.  Accordingly, Jones' claims concerning the 2002,

2004 and 2006 denials of parole are moot and fail as a matter of law.


**Failure to Exhaust 2006 Denial of Parole**

As discussed above, Jones advised this Court that he again appeared

before the Parole Board in January 2008 and was again denied parole.  Accordingly, for

the foregoing reasons, Jones' claim concerning his 2006 denial of parole must fail

because it is moot.  Alternatively, Jones' claim concerning his 2006 denial of parole

must fail because he failed to exhaust his state court remedies.


Before a federal court can address the merits of any federal issue

contained in a petition for a writ of habeas corpus, the petitioner must have "exhausted

the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 843-44, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

"Exhaustion of state remedies requires presentation of the claim to the highest state

court from which a decision can be obtained."  *Hogan v. Ward*, 998 F.Supp. 290, 293

(W.D.N.Y.1998), *citing Daye v. Attorney General of the State of New York*, 696 F.2d

186, 190 n. 3 (2d Cir.1982); *see O'Sullivan*, 526 U.S. at 839-40 ("a state prisoner must

present his claims to a state supreme [i.e., highest] court in a petition for discretionary

review in order to satisfy the exhaustion requirement.").  The same concerns that bar

federal habeas review of unexhausted claims also bar federal habeas review of claims

that have been procedurally defaulted in state court.  *See Coleman v. Thompson*, 501

U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("Just as in those cases in

which a state prisoner fails to exhaust state remedies, a habeas petitioner who has

failed to meet the State's procedural requirements for presenting his federal claims has

deprived the state courts of an opportunity to address those claims in the first

instance.").

       Where a state prisoner has failed to exhaust or has procedurally defaulted

a claim by failing to raise it on direct review before the state court, federal habeas

review is barred "unless the prisoner can demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501

U.S. at 750.  The scope of this exception is very limited and the burden of proof very

heavy.  *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162,

171-72 (2d Cir.2000), *citing Sawyer v. Whitley*, 505 U.S. 333, 336, 112 S.Ct. 2514, 120

L.Ed.2d 269 (1992).  In order to succeed in being excused from the exhaustion

requirement, a petitioner must demonstrate that "no state corrective procedure exists or

there exist circumstances rendering such process ineffective to protect [his] rights."

*Simmons v. Reynolds*, 898 F.2d 865, 867 (2d Cir. 1990), *citing* 28 U.S.C. § 2254(b).

There is nothing in the record before this Court to suggest that Jones made any attempt to exhaust his state court remedies with respect to the 2006 denial of parole.  In fact, in opposition to the instant motion for summary judgment, Jones seemingly concedes that he did not exhaust his state court remedies concerning the 2006 parole denial.  Specifically, Jones ignores respondent's argument that his 2006 claim must fail because he did not exhaust his state remedies.  Instead, Jones seeks to avoid dismissal by arguing, "[h]e is not challenging the specific circumstances that occurred at each Parole hearing as the bases [sic] for denial," rather, he is challenging the "legal standard by which the Parole board made its decision."  Dkt. #33, p.14.  Additionally, Jones contends that because he is raising the same claims as he raised with respect to the prior parole determinations, the issue to be decided is mootness not exhaustion.  *Id*.  While Jones is correct that reconsideration for parole is tantamount to the relief granted if a prisoner is successful on a challenge to a parole denial, *to wit*, a rehearing, in order to proceed with his 2006 claim, Jones must have exhausted his state court remedies.

Finally, in an apparent attempt to be excused from the exhaustion requirement, Jones argues that the appellate process afforded is futile because it takes two years to complete the appellate process and he has received a new parole hearing before he can obtain a final decision on appeal.  As noted in respondent's memorandum of law in support of the instant motion and as discussed above, the delays associated with the appellate process in connection with Jones' appeal of the 2002 denial of parole were delays caused in large part by Jones.  Dkt. #30, p.11.  With

respect to Jones' appeal of the 2004 denial of parole, Jones offers no description of the procedural history of that appeal and thus, has presented nothing to this Court to demonstrate that the system was inadequate to protect his rights. *Id*. Based on the foregoing, Jones has failed to demonstrate that he should be excused from the exhaustion requirement. Accordingly, Jones' 2006 claim fails as a matter of law because he has failed to exhaust his state court remedies.

**Motion for Appointment of Counsel**

On or about January 8, 2009, Jones filed a motion seeking the appointment of counsel. Dkt. #40. Because this Decision and Order grants respondent's motion for summary judgment, there is no reason for this Court to address Jones' motion for an appointment of counsel. Accordingly, Jones' motion for appointment of counsel is denied as moot.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (Dkt. #27) is **GRANTED** and plaintiff's motion for appointment of counsel (Dkt. #40) is **DENIED** as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438

(1962).  Further requests to proceed on appeal as a poor person should be directed, on

motion, to the United States Court of Appeals for the Second Circuit, in accordance with

Rule 24 of the Federal Rules of Appellate Procedure.


       **SO ORDERED.**

DATED:      Buffalo, New York
              May 14, 2009


                                  **s/ H. Kenneth Schroeder, Jr.**
                                  **H. KENNETH SCHROEDER, JR.**
                                  **United States Magistrate Judge**