UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL JONES,

                                   Petitioner,                05-CV-0008(Sr)

v.

MICHAEL E. GIAMBRUNO,

                                   Respondent.

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment.[1] Dkt. #21. On May 14, 2009, this Court issued its Decision and Order (Dkt. #42) granting defendant's motion for summary judgment (Dkt. #27). On May 15, 2009, the Clerk of Court for the United States District Court, Western District of New York entered Judgment in favor of defendant, Michael E. Giambruno. (Dkt. #43). Presently pending before this Court is petitioner's "Motion to Vacate Summary Judgment." Dkt. #44. Although styled as a Motion to Vacate, petitioner is seeking reconsideration of this Court's May 14, 2009 Decision and Order pursuant to Rule 59(c) and Rule 60(b)(1)(4)(6) of the Federal Rules of Civil Procedure. In addition to reconsideration,

---

[1] Only after this Court granted respondent's motion for summary judgment does the petitioner attempt to resurrect a June 2006 Motion to Strike the Order of Consent to a Magistrate Judge (Dkt. #25). At no time during the pendency of respondent's motion for summary judgment did petitioner raise this issue, indeed, petitioner filed an "Ex Parte Applicaition [sic] for Order Expediting Hearing of Motion Fixing Less Than Five Days After Service of Motion" asking this Court to expedite its consideration of the matter. Dkt. #38.

petitioner is also seeking a Certificate of Appealability pursuant to Title 28, United States Code, Section 2253(c)(2). For the following reasons, the relief sought by petitioner is denied.

**PROCEDURAL BACKGROUND**

Petitioner Daniel Jones (hereinafter "Jones"), proceeding *pro se*, commenced this action on or about January 5, 2005, pursuant to 28 U.S.C. § 2241. Dkt. #1. In his petition, Jones argued that he remained in the custody of the New York State Department of Correctional Services ("DOCS") by reason of the unconstitutional denials of parole by the New York State Parole Board on or about January 16, 2002 and January 15, 2004. *Id*. By Decision and Order filed May 18, 2005, United States District Judge William M. Skretny ordered that the petition originally filed pursuant to 28 U.S.C. § 2241 be re-characterized as having been filed pursuant to 28 U.S.C. § 2254.[2] Dkt. #4.

On March 18, 2005, Jones then filed a complaint pursuant to 42 U.S.C. § 1983 (Western District of New York Case No. 05-CV-183) against defendants Glenn S. Goord, Michael Giambruno and an unspecified number of "John Does" (the "Time

---

[2] On January 24, 2005, District Judge Skretny advised petitioner of the Court's intention to re-characterize the petition filed pursuant to 28 U.S.C. § 2241, as one filed pursuant to 28 U.S.C. § 2254. Dkt. #3. In the Order, District Judge Skretny provided Petitioner with the opportunity to withdraw his petition filed pursuant to 28 U.S.C. § 2241. *Id*. Petitioner was further advised that his failure to advise the Court of his intention to withdraw the petition by February 19, 2005 would result in the re-characterization of the petition. *Id*.

Allowance Committee"), challenging the denial of his "good time" allowance or credit based on his refusal/failure to participate in a sex offender program. (Case No. 05-CV-183, Dkt. #1). Specifically, Jones alleged that participation in the sex offender treatment program would have required him to acknowledge guilt for a crime which, at the time, he was seeking to have overturned on appeal. *Id*. By Decision and Order filed August 2, 2005 in Case Nos. 05-CV-0008 and 05-CV-183, District Judge Skretny found that the relief sought in the complaint filed in 05-CV-183 could be sought only in a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 because it raised the question of the duration of Jones' confinement. Dkt. #8 (in both cases). Consequently, District Judge Skretny ordered that the complaint in 05-CV-183 be construed as a motion to amend the petition for habeas corpus relief filed in 05-CV-0008 and District Judge Skretny provided Jones with the opportunity to address the Court's intention to treat the complaint filed in 05-CV-183 as a motion to amend or supplement the petition filed in 05-CV-0008. *Id*. Specifically, District Judge Skretny's Order provided Jones until August 23, 2005 to file a response. *Id*. On August 25, 2008, Jones filed, in both actions, a motion for reconsideration of the Court's Order treating the complaint filed in 05-CV-183 as a motion to amend the habeas corpus petition filed in 05-CV-0008 (05-CV-0008, Dkt. #14 and 05-CV-183, Dkt. #10). Also on August 25, 2008, Jones filed an amended complaint filed in 05-CV-183 (Dkt. #12).

On October 14, 2005, counsel for respondent in 05-CV-0008 filed a motion for an Order: (1) striking the amended complaint filed in 05-CV-183; (2) denying the motion to amend the petition filed in 05-CV-0008 (the complaint filed in 05-CV-183);

-3-

and (3) enlarging the time within which to respond to the petition. Dkt. #10. Thereafter, Jones filed an affidavit in opposition to respondent's October 14, 2005 motion. Dkt. #12.

On January 23, 2006, District Judge Skretny, by Decision and Order filed in both cases, ordered that counsel for respondent in 05-CV-0008 and counsel for defendants in 05-CV-183 file a response to Jones' motion for reconsideration on or before February 13, 2006 and in such response, to specifically address whether the Court properly construed the complaint in 05-CV-183 and whether the Court should have re-characterized the complaint as a motion to amend the habeas corpus petition in 05-CV-0008. (05-CV-0008, Dkt. #13; 05-CV-183, Dkt. #14.) As required and consistent with District Judge Skretny's January 23, 2006 Decision and Order, counsel for respondent and defendants filed memoranda on February 6, 2006 (Dkt. #15 in both cases). Thereafter, Jones filed memoranda on February 21, 2006 (Dkt. #16 in both cases).

By Decision and Order filed on March 31, 2006, District Judge Skretny: (1) denied Jones' motion for reconsideration (05-CV-0008, Dkt. #14 and 05-CV-183, Dkt. #10); (2) ordered that the amended complaint initially filed in 05-CV-183 (Dkt. #12) shall be deemed and docketed as a motion to amend the habeas corpus petition in 05-CV-0008; (3) ordered that the motion to amend the habeas corpus petition docketed in 05-CV-0008 (see above) be granted; (4) ordered that Jones file an amended petition in 05-CV-0008 by May 15, 2006; (5) ordered that respondent's motion to strike the complaint

filed in 05-CV-183 be denied and ordered that Jones' "putative" motion to amend the petition in 05-CV-0008 be denied; (6) ordered that respondent's motion to enlarge the time in which to respond to the petition filed in 05-CV-0008 be granted and (7) ordered that respondent shall have 45 days from the filing of Jones' amended petition to file an answer and a memorandum of law in response to the amended petition. Consistent with District Judge Skretny's March 31, 2006 Decision and Order, an amended petition was filed on May 11, 2006. Dkt. #20. Thereafter, respondent filed a motion to dismiss the petition (motion for summary judgment). Dkt. #27. Petitioner filed his opposition to the motion for summary judgment (Dkt. ##33 and 34) and this Court issued its Decision and Order granting respondent's motion for summary judgment on May 14, 2009 (Dkt. #42).

With respect to Jones' First Amendment, Fifth Amendment and Due Process Claims, this Court found that plaintiff's legal theories were premised on the erroneous proposition that a prisoner has a protected constitutional interest in early release. This Court, consistent with well-settled Second Circuit precedent, found that Jones did not have a protected liberty interest in early release/parole and therefore, his claims of violations of First Amendment and Fifth Amendment rights failed as a matter of law. Dkt. #42, pp.14-16. With respect to Jones' claims that the Parole Board violated the "*ex post facto* law" by reason of its continuous denial of parole, the Court reiterated its finding that a prisoner does not have a constitutionally protected right to be granted early release and therefore, the Court further found Jones' claims to be without merit and that they must fail as a matter of law. Dkt. #42, pp.17-18. Jones next

claimed that his file contained inaccurate information upon which the Parole Board relied in making its determinations, thereby violating his due process rights. Based on the record before it, this Court concluded that Jones' claim was belied by the undisputed evidence from each Parole Board hearing. Even if, however, there had been evidence of inaccurate information in his file, the Court found that it was not within its province to correct errors of fact. *Id*. at pp.17-20. Finally, the Court addressed Jones' claims that the Parole Board improperly denied Jones parole in 2002, 2004 and 2006. *Id*. at pp.21-23. With respect to Jones' claims concerning the 2002 and 2004 denials, the Court found those claims to be moot and thus, found them to fail as a matter of law. *Id*. Similarly, the Court found that by reason of Jones' 2008 appearance before the Parole Board, his 2006 claim was also moot. In the alternative, the Court found that Jones failed to exhaust his state court remedies concerning the 2006 denial of parole. *Id*. at pp. 23-26.

Consistent with this Court's Decision and Order, on May 15, 2009, the Clerk of Court issued the Judgment in a Civil Case in favor of respondent. Dkt. #43. On May 26, 2009, petitioner filed the instant motion to vacate this Court's Decision and Order (Dkt. #42). Dkt. #44. In the instant motion, petitioner seeks relief pursuant to Rule 59(c) and 60(b)(1)(4)(6) of the Federal Rules of Civil Procedure. Although styled as a motion to vacate, the Court concludes that petitioner is requesting this Court to reconsider its May 14, 2009 Decision and Order. Dkt. #44.

## FACTUAL BACKGROUND

A complete recitation of the underlying factual background of Jones' conviction, sentence and multiple parole hearings is set forth in this Court's May 14, 2009 Decision and Order. Dkt. #42, pp.5-12.

## DISCUSSION AND ANALYSIS

Rule 59 provides for grounds upon which a party may move for a new trial or to alter or amend a judgment. The standard for granting a Rule 59 "motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The Second Circuit has further held, a party may not seek to "solely relitigate an issue already decided." *Id*.

Federal Rule of Civil Procedure Rule 60(b) provides in relevant part, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . and (6) any other reason justifying relief from the operation of the judgment." Rule 60(b) is not to be used as a substitute for an appeal. *Diamond v. Pataki*, No. 03 CIV. 4642 (SHS), 2004 WL 1924755, at *8 (S.D.N.Y. Aug. 27, 2004).

The instant motion is nothing more than an effort by petitioner to re-litigate those issues already decided by this Court. In the alternative, petitioner is attempting to use Rule 60(b) of the Federal Rules of Civil Procedure as a substitute for an appeal. Petitioner's conclusory allegations that the Court failed to consider certain arguments, and erred in entertaining respondent's motion for summary judgment, without more, are wholly insufficient to warrant relief under either Rule 59 or 60(b) of the Federal Rules of Civil Procedure. As is evident from this Court's Decision and Order (Dkt. #42), this Court did consider each of petitioner's arguments and each of those arguments were addressed in the Decision and Order. Petitioner's claim that this Court failed to consider his motion to strike the consent to proceed before a Magistrate Judge is equally insufficient to justify relief under either Rule 59 or 60.

Lastly, petitioner is also seeking a Certificate of Appealability pursuant to Title 28, United States Code, Section 2253(c)(2). Title 28, United States Code, Section 2253(c) provides in pertinent part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ...
>
> (c)(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

As noted above, petitioner's Motion to Vacate is nothing more than an effort by petitioner to either re-litigate the issues already decided by this Court or as a substitute

for an appeal.  None of the arguments presented by petitioner in his motion, his petition or in his opposition to the summary judgment motion, satisfy the stringent standard for the relief requested.  Moreover, because petitioner has failed to make a substantial showing of the denial of a constitutional right, petitioner's request for a certificate of appealability is denied.

## **CONCLUSION**

For the foregoing reasons, petitioner's Motion to Vacate Summary Judgment (Dkt. #44) is denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

DATED:    Buffalo, New York
              April 30, 2010

                                *s/ H. Kenneth Schroeder, Jr.*
                                **H. KENNETH SCHROEDER, JR.**
                                **United States Magistrate Judge**